**YU | MOHANDESI LLP**

**B. Ben Mohandesi** (SBN 214921)
213.377.5505 | bmohandesi@yumollp.com
**Jordan S. Yu** (SBN 227341)
213.377.5502 | jyu@yumollp.com
633 West Fifth Street, Suite 2800
Los Angeles, CA 90071
213.377.5501 Facsimile

Attorneys for Defendant
Barclays Bank Delaware

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY ADAIR,<br><br>        Plaintiff,<br>vs.<br><br>BARCLAYS BANK DELAWARE,<br><br>        Defendants. | Case No. 2:16-cv-02609<br><br>[Removal from the Superior Court of California for the County of Los Angeles, Case No. 16K02860]<br><br>**DEFENDANT BARCLAYS BANK DELAWARE'S NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1331, 1441(c) AND 1446**<br><br>[FEDERAL QUESTION] |

**TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA:**

**PLEASE TAKE NOTICE** that Defendant Barclays Bank Delaware ("Barclays") hereby removes the action described below from the Superior Court of California for the County of Los Angeles, pursuant to Sections 1331, 1441(c) and 1446 of Title 28 of the United States Code ("U.S.C."). As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because Barclays has satisfied the procedural requirements for removal and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331. In support of this Notice of Removal, Barclays states as follows:

**I. THIS COURT HAS SUBJECT MATTER JURISDICTION PURSUANT TO 28 U.S.C. SECTIONS 1331 AND 1441**

On or about March 7, 2016, plaintiff Jeffrey Adair ("Plaintiff") filed a Complaint in the Superior Court of California for the County of Los Angeles ("Superior Court"), entitled *Adair v. Barclays Bank Delaware,* Case No. 16K02860. In the Complaint, Plaintiff alleges, among other things, that Defendant provided erroneous information to the credit reporting agencies, failed to report his account as disputed, and utilized false and deceptive practices in connection with the collection of an alleged debt from Plaintiff. (Compl. ¶¶ 4-25.) Based on these allegations, Plaintiff asserts four causes of action against Defendant: (1) violation of the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 et seq. ("Rosenthal Act"); (2) violation of the federal Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"); and (3) violation of California's Consumer Credit Reporting Agencies Act, Cal. Civ. Code § 1785 et seq. ("CCRAA"). The Summons, Complaint, Civil Case Cover Sheet, and initial case documents issued by the Los Angeles County Superior Court are attached hereto as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

Because this action arises under federal law (*i.e.,* FCRA), which can be ascertained from the face of Plaintiff's Complaint, this Court has original jurisdiction pursuant to 28 U.S.C. § 1331.  Further, this Court has supplemental jurisdiction over Plaintiff's state law claims (i.e., the Rosenthal Act and CCRAA claims), which form part of the "same case or controversy" pursuant to 28 U.S.C. § 1367(a).  Specifically, Plaintiff alleges that Defendant also violated the CCRAA by providing erroneous information to a credit reporting agency and failing to note the account as disputed. Likewise, based on the same allegations, Plaintiff claims that Defendant violated the Rosenthal Act claim by utilizing false and deceptive practices in connection with the collection of an alleged debt from Plaintiff.  (*See* Compl. ¶¶ 4-25.)   Accordingly, this action may be removed to this Court pursuant to 28 U.S.C. § 1441.

## II.     THE PROCEDURAL REQUIREMENTS FOR REMOVAL ARE SATISFIED

On or about March 7, 2016, Plaintiff filed this action in the Superior Court of California for the County of Los Angeles.  As noted on the Summons, the Complaint was served on March 16, 2016.  Accordingly, this Notice of Removal is timely in that it was filed within 30 days after the service of summons upon Barclays and less than a year after the commencement of the action.  *See* 28 U.S.C. § 1446(b).

The Superior Court of California for the County of Los Angeles is located within the United States District Court for the Central District of California.  *See* 28 U.S.C. § 84(a).  Thus, venue is proper in this Court because it is the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

In compliance with 28 U.S.C. § 1446(d), Defendant will serve on Plaintiff and file with the Clerk of the Superior Court a written notice of the filing of this Notice of Removal, attaching a copy of this Notice of Removal.

No previous application has been made for the relief requested herein.

– 3 –

WHEREFORE, Barclays respectfully removes this action from the Superior Court for the County of Los Angeles to this Court pursuant to 28 U.S.C. §§ 1331, 1441 and 1446.

DATED:  April 15, 2016

                              YU | MOHANDESI LLP

                              By  */s/ B. Ben Mohandesi*
                                   B. Ben Mohandesi
                                   Attorneys for Defendant
                                   Barclays Bank Delaware

**CERTIFICATE OF SERVICE**

I am a resident of the State of California, over the age of eighteen years, and not a party to the within action. My business address is Yu | Mohandesi LLP, 633 West Fifth Street, Suite 2800, Los Angeles, CA 90071. On April 15, 2016, I served the following document(s) by the method indicated below:

**NOTICE OF REMOVAL**

|   | |
|---|---|
|   | by transmitting via facsimile on this date the document(s) listed above to the fax number(s) set forth below. The transmission was completed before 5:00 p.m. and was reported complete and without error. Service by fax was ordered by the Court. |
| X | by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Los Angeles, California addressed as set forth below. I am readily familiar with the firm's practice of collection and processing of correspondence for mailing. Under that practice, it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business. |
|   | by placing the document(s) listed above in a sealed envelope(s) and by causing personal delivery of the envelope(s) to the person(s) at the address(es) set forth below. |
|   | by having the document(s) listed above hand-delivered to the person(s) at the address(es) set forth below. |
|   | by placing the document(s) listed above in a sealed envelope(s) and consigning it to an express mail service for guaranteed delivery on the next business to the address(es) set forth below. |
|   | by emailing the document(s) listed above to the person(s) at the address(es) set forth below. |

*Plaintiff's Counsel*
Todd F. Friedman
Law Offices of Todd M. Friedman, P.C.
324 S. Beverly Dr. #725
Beverly Hills, CA 90212

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. Executed on April 15, 2016, at Los Angeles County, California.

*/s/ Diana Choe*

_____
Diana Choe